UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MURRAY HILL PRESBYTERIAN )
CHURCH )
        Plaintiff, )
 )
     v. )     Case No. 3:21-cv-1077-HES-JBT
 )
MT. HAWLEY INSURANCE )
COMPANY AND RENAISSANCE )
RE SYNDICATE 1458 LLOYD'S, )
        Defendant. )
_____/

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO TRANSFER VENUE

     Plaintiff, Murry Hill Presbyterian Church ("Plaintiff"), by and through its undersigned counsel, files the following Memorandum of Law in Opposition to Defendant's Motion to Transfer Venue:

## I.    INTRODUCTION AND BACKGROUND FACTS

     This action involves a property insurance dispute, wherein Defendant Mt. Hawley Insurance Company and Renaissance Re Syndicate 1458 Lloyd's ("Defendant") wrongfully denied coverage for a covered claim. Specifically, on or about February 16, 2021, wind and hail caused extensive damage to Plaintiff, Murray Hill Presbyterian Church located at 940 Talbot Avenue, Jacksonville, Florida, 32205. It is estimated the damages are in excess of $1.6 million dollars. Plaintiff provided timely notice of the claim and requested coverage under its

insurance policy issued by Defendant, yet by letter dated June 8, 2021, Defendant denied coverage in its entirety.

As a result of the denial of a covered claim, on June 29, 2021, Plaintiff filed a breach of contract civil action against Defendant in the 4th Judicial Circuit Court in and for Duval County, Florida (Doc. 3). On August 18, 2021, Defendant filed an Answer and Affirmative Defenses to Plaintiff's Complaint in the 4th Judicial Circuit Court. (Doc. 4). In its Answer and Affirmative Defenses, Defendant expressly admitted that the 4th Judicial Circuit Court had jurisdiction of this coverage dispute but generally denied that Florida law applies (Doc. 4 at paragraphs 2 and 4). Importantly, Defendant did not seek to dismiss the action, assert improper venue as an affirmative defense, move to dismiss for *forum non conveniens*, or mention the Legal Action Conditions Endorsement of the policy of insurance.

Plaintiff filed a Reply to Defendant's Affirmative Defenses on August 24, 2021, in the 4th Judicial Circuit Court. The parties then commenced discovery in the 4th Judicial Circuit Court, wherein Defendant served interrogatories and a request for production of documents dated September 3, 2021.

Four months into the litigation, on October 27, 2021, Defendant filed a Notice of Removal to this Honorable Court, alleging its removal request was timely because it did not know whether the amount in controversy exceeded $75,000 until September 28, 2021 (Doc. 1).

The parties filed a Case Management Report (Doc. 7), wherein the parties stipulated to court mediation and agreed to the appointment of a certain mediator, Kim Sands, Esquire of Ormond Beach, Florida (Doc. 7 at 2). At no time did Defendant alert this Court that it contested venue or suggest that venue be transferred to another venue. Rather, Defendant stipulated to mediation in this Court and to the selection of a Florida mediator.

By Order filed December 10, 2021 (Doc. 12), this Honorable Court noted that before the Court was the "parties' Case Management Report (Doc. 7) stipulating to a court mediation, as set forth in Chapter Four of the Local Rules of the United States District Court for the Middle District of Florida. The parties agreed to the appointment of a certain mediator. (Id. at 4)."  This Honorable Court Ordered and Adjudged that the "case shall be referred to a mediation conference in an attempt to equitably settle the issues. Under the parties' agreement, **Kim Sands, Esq.** will serve as the mediator." (Doc. 12, page 1). The Order further ruled that the mediation conference would be conducted in accordance with the Order and the attachments any time up to and including August 5, 2022 (Doc. 12, page 1). Moreover, unless otherwise agreed upon by the parties, the mediation conference would be conducted in facilities arranged by the Clerk at the United States Courthouse, Jacksonville, Florida. (Doc. 12, pages 1-2).

Now, more than 6 months into this litigation, after stipulating to mediation and a specific mediator, and in contravention of the court-ordered mediation process, Defendant seeks to have this action "transferred" to a third court - the United States District Court for the Southern District of New York (Defendant's Motion to Transfer Venue, Doc. 13). For the very first time, Defendant now seeks to enforce forum selection language found in a policy endorsement (Legal Action Conditions Endorsement) that provides, in part, that litigation be initiated in a court in the State of New York.  (Doc. 13, page 2).

Plaintiff submits that Defendant has waived such argument procedurally and by its actions and inactions. Accordingly, Defendant's Motion to Transfer Venue should be denied as a matter of law.

## II.    STANDARD OF REVIEW

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  28 U.S.C. §1404(a).  However, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." *Perlman v. Delisfort-Theodule*, 451 Fed.Appx. 846, 848. "It is the movant's burden to persuade the court that a transfer should be granted." *Id.* (*citing In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989)).

Whether to grant a transfer in the interest of justice is discretionary and left to the sound discretion of the district court. *See Pinson v. Rumsfeld*, 192 Fed.Appx. 811, 817 (11th Cir. 2006); *Roofing Sheet Metal Servs., Inc. v. La Quinta Motor Inns, Inc.*, 689 F.2d 982, 985 (11th Cir. 1982).

## III.   ANALYSIS

Defendant's Motion to Transfer Venue fails as a matter of law because Defendant waived its right to contest venue, both procedurally and by actively participating in this litigation for months in a forum (Florida) contrary to the contractual forum selection clause.

<u>Defendant Waived its Right to Contest Venue Under the Florida Rules of Civil Procedure</u>

Procedurally, Defendant failed to oppose venue in its Answer and Affirmative Defenses and did file a motion to dismiss for improper venue or *forum non conveniens*. When Defendant filed its Answer and Affirmative Defenses on August 18, 2021, this case was pending in the 4th Judicial Circuit Court in and for Duval County, Florida. As such, the Florida Rules of Civil Procedure and Florida substantive law applied. Florida Rule of Civil Procedure 1.140(b)(3) requires a defendant to challenge improper venue timely, either by motion or, if no motion is

filed, by a defense raised in the responsive pleading. Moreover, an objection to venue is waived if not timely raised.[1]

Specifically, Rule 1.140(b) states in part:

> **(b) How Presented.** Every defense in law or fact to a claim for relief in a pleading **must** be asserted in the responsive pleading, if one is required, but the following defenses may be made by motion at the option of the pleader: … (3) improper venue, …. A motion making any of these defenses must be made before pleading if a further pleading is permitted. **The grounds on which any of the enumerated defenses are based and the substantial matters of law intended to be argued must be stated specifically and with particularity in the responsive pleading or motion. Any ground not stated must be deemed to be waived** except any ground showing that the court lacks jurisdiction of the subject matter may be made at any time.

*Id.* (emphasis added).

The Florida Supreme Court has said "that one who would assert the venue privilege should, at the earliest possible time, and no later than the filing of his answer, plead all matters then known to him which would negative proper venue."

*Inverness Coca-Cola Bottling Co. v. McDaniel*, 78 So.2d 100, 103 (Fla. 1955).

---

[1] Similarly, Federal Rule of Civil Procedure 12(b) sets forth how to present defenses and requires that, "Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion: … (3) improper venue; …" A "motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed…." F.R.Civ.P. Rule 12(b). Moreover, F.R.Civ.P.12(h) expressly provides that a party waives a defense of improper venue by failing to raise it in a Rule 12 motion or in a responsive pleading. *See also, Vernon v. Stabach*, No. 13-62378-CIV, 2014 WL 1806861 (S.D.Fla. May 7, 2014)(a motion to dismiss is the appropriate method of enforcing a forum-selection clause designating a non-federal forum).

Here, Defendant failed to raise improper venue at the time it filed its Answer and Affirmative Defenses. Nowhere in its 9-page Answer and Affirmative Defenses did Defendant object to venue in the 4th Judicial Circuit Court or contend that the litigation had to be filed in the State of New York. Nowhere in its Answer and Affirmative Defenses did Defendant mention the forum selection language in the Legal Action Conditions Endorsement or raise that as a substantive defense. Defendant did not file a motion to dismiss for improper venue or for *forum non conveniens*. It is uncontroverted that Defendant did not plead "specifically and with particularity" the defense that venue was not proper in the 4th Judicial Circuit Court or plead the "substantial matters of law intended to be argued" such as the forum selection language in the Legal Action Conditions Endorsement. Fla.R.Civ.P. 1.140(b). Defendant failed to raise the forum selection language as a "defense in law or fact to a claim for relief in a pleading" as required by Rule 1.140(b).

In *Three Seas Corp. v. FFE Transp. Servs. Inc.,* 913 So.2d 72, 74-75 (Fla. 3d DCA 2005), the court held that the defense of improper venue based on a contractual forum selection clause is waived if not pled with particularity in responsive pleading or, if made by motion, "before pleading if a further pleading is permitted." *Id.* (quoting Fla.R.Civ.P. 1.140(b)). *See also State Dep't of High. Saf. & Motor Vehs. v. Scott,* 583 So.2d 785, 787 (Fla.2d DCA 1991("[V]enue, when not objected to, is appropriate in a court having jurisdiction.").

7

In *Tip Top Enterprises v. Summit Consulting, Inc.*, 905 So.2d 201 (Fla. 3d DCA 2005), almost four months after the defendant filed its answer and motion to dismiss, the defendant filed a motion to change venue, attaching a copy of the forum selection language in the insurance policy. On appeal, the court held that the defendant waived its right to contest venue where defendant "made no [Fla.R.Civ.P.] 1.140 motion and stated no grounds, specifically, particularly, or otherwise in its answer regarding [Plaintiff's] venue selection, opting instead for a subsequently filed motion for change of venue. As the rule makes clear, the defense was waived." *Id.* at 202. (*Citations omitted).*

Similarly, here, Defendant made no Rule 1.140 motion and stated no grounds, specifically, particularity, or otherwise, in its Answer and Affirmative Defenses regarding Plaintiff's venue selection. Defendant did not contest venue based on the contractual Legal Action Conditions Endorsement in its Answer and elected not to file a motion to dismiss for improper venue and/or for *forum non conveniens.* As such, Defendant waived any venue defense.

Florida Rule of Civil Procedure 1.061 – Choice of Forum sets forth the rules for a motion to dismiss a case for *forum non conveniens,* and provides in part:

> **(a) Grounds for Dismissal.** An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:

(1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;

(2) the trial court finds that all relevant factors of private interest favor the alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs' initial forum choice;

(3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and

(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.

The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion.

Section **(g)** provides "**Time For Moving for Dismissal.** A motion to dismiss based on forum non conveniens **shall** be served not later than 60 days after service of process on the moving party." Fla.R.Civ.P. 1.061(g) (emphasis added on the word "shall"). Where a motion is untimely under this Rule, the motion should be denied. *Fox v. Union Carbide Corp.*, 2005 WL 2292043 (Fla. 4th DCA Sept. 21, 2005).

Defendant had the opportunity at the outset of this case to contest venue via a motion to dismiss for improper venue, motion to dismiss for *forum non conveniens*, or in its answer and affirmative defenses yet it did not. Accordingly, under the clear and unambiguous law, Defendant has waived any argument regarding improper venue and is barred from challenging venue in this litigation.

## Defendant Waived Contesting Venue by Its Conduct

Defendant has likewise waived reliance on the forum selection language in the Legal Action Conditions Endorsement by its actions and inactions. Nearly seven months have passed since this litigation was initiated, written discovery has commenced, the parties stipulated to mediation of this matter in Florida and selected a Florida mediator, and this Court granted the parties' stipulation and ordered mediation as set forth in Chapter Four of the Local Rules. At this late stage, Defendant now seeks to have this action "transferred" to a third court - the United States District Court for the Southern District of New York. Even assuming, *arguendo*, Defendant can overcome the procedural waiver issues set forth above, Defendant's conduct in this litigation waives the contractual forum selection endorsement.

A contracting party can waive the ability to enforce a forum selection provision. *Carnival Corp. v. Booth,* 946 So.2d 1112, 1114 (Fla. 3d DCA 2006); *Three Seas Corp. v. FFE Transp. Servs. Inc.,* 913 So.2d 72, 74-75 (Fla. 3d DCA 2005). "Parties to a contract have the power to waive provisions placed in the contract for their benefit and such a waiver may be established by conduct indicating that strict compliance with the contractual provisions will not be required." *The Solomon Law Group, P.A. v. Dovenmuehle Mortgage, Inc.,* -- So.3d --, 2021 WL

5814235 at *2 (Fla. 2d DCA December 8, 2021)*(quoting Putnam Energy, LLC v. Superior Well Servs., Inc.,* 2013 WL3487386, at *5 (Ill.App.Ct. July 9, 2013).

Defendant had multiple opportunities throughout the past seven months to raise any objections to venue yet failed to do so. Defendant even stipulated to mediation, as set forth in Chapter Four of the Local Rules of the United States District Court for the Middle District of Florida, and agreed with Plaintiff as to the appointment of a Florida mediator (Case Management Report, Doc. 7). It begs the question why Defendant would stipulate to mediation and select a specific mediator, and advise the Court of same, if it had no intention of proceeding to mediation in this venue.

Moreover, Defendant clearly had knowledge of the insurance contract's forum selection language because Defendant *wrote* the policy language and issued the policy. Defendant actively participated in the lawsuit based on the insurance contract in a jurisdiction (Florida) other than the one provided under the insurance contract's forum selection clause, which constitutes a waiver of Defendant's right to enforce that clause.

Defendant missed the time deadlines to contest venue in Florida, as set forth above. Defendant conducted written discovery in Florida state court, then removed the litigation to this Honorable Court. Then, after agreeing to mediation in the Middle District of Florida and the Court Order granting same with said mediation to

be completed by August 5, 2022, Defendant now seeks to circumvent Florida law (whereunder Defendant clearly waived any venue defense) by requesting the case be transferred to the Southern District of New York. Such stratagem should not be permitted. Defendant waived its opportunity to contest the venue of this action, and it would be unjust and in contravention of Florida law to transfer venue to New York.

In summary, Defendant clearly failed to contest venue via a motion to dismiss, a motion to dismiss for *forum non conveniens*, or in its Answer and Affirmative Defenses as required under Florida procedural and substantive law, and thereby waived this defense. Moreover, Defendant waived enforcement of the forum selection clause in the policy endorsement by its actions/inactions and stipulation to mediation in this Court. Therefore, Defendant's Motion to Transfer must be denied.

## IV.   CONCLUSION

For the reasons set forth above, Plaintiff Murray Hill Presbyterian Church respectfully requests that Defendant's Motion to Transfer Venue be denied.

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing has been served upon all opposing parties via CM/ECF on the 20th day of January, 2022.

/s/ *Andrew J. Dean, Esq.*
Andrew J. Dean, Esq.
Florida Bar No.: 0121808
Patten, Wornom, Hatten & Diamonstein, L.C.
12350 Jefferson Avenue, Suite 300
Newport News, Virginia 23602
Telephone: (757) 223-4500
Facsimile: (757) 223-4518
adean@pwhd.com

/s/ *James R. Forry, Esq.*
James R. Forry, Esq.
Florida Bar No.: 1001023
VishioForry, PLLC
1300 Goodlette-Frank Rd. N.
Suite #202
Naples, FL 34102
(239) 703-7210
(239) 900-1993 (Fax)
service@vishioforry.com
jforry@vishioforry.com